IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 2, 2016

**IN RE DUSTIN T., ET AL.**

**Appeal from the Circuit Court for Bradley County**
**No. V-15-476        J. Michael Sharp, Judge**
_____

**No. E2016-00527-COA-R3-PT-FILED-NOVEMBER 17, 2016**
_____

J. STEVEN STAFFORD, P.J.,W.S., dissenting in part.

I concur in the majority Opinion with regard to the trial court's findings on the grounds of substantial noncompliance with the permanency plans, persistent conditions, and abandonment by wanton disregard. I also agree that termination of Mother's and Father's parental rights is in the children's best interests. Because I cannot agree that the State has met its burden to show clear and convincing evidence of Mother's abandonment by willful failure to support the children, however, I must file this partial dissent.

Here, there can be no dispute that Mother failed to make any payments for the support of the children in the relevant four-month period. She argues, however, that the State failed to establish by clear and convincing evidence that that she had the ability to pay support during this time. "A party seeking termination of parental rights must prove by clear and convincing evidence that the opposing party had the capacity to pay support but made no attempt to do so and did not possess a justifiable excuse." *In re Adoption of Angela E.*, 402 S.W.3d at 641. "Evidence satisfying the clear and convincing evidence standard establishes that the truth of the facts asserted is highly probable . . . and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005).

The majority Opinion concludes that the clear and convincing evidence standard has been met in this case because: (1) Mother testified that she was generally employed during the relevant period; (2) the record does not establish that Mother was paying rent or other expenses during the relevant period; and (3) Mother did not affirmatively testify that she was unable to pay support during the relevant period. Respectfully, the majority's reliance on the evidence that Mother did not provide during trial effectively shifts the burden to Mother to show that she could not pay support during the relevant time period. As previously discussed, however, the burden to show a parent has the

ability to pay support lies with the party seeking termination of parental rights, not the parent against whom the termination petition is filed. *In re Audrey S.*, 182 S.W.3d at 861. The burden therefore never shifted to Mother to show that she could not pay support. Rather, the burden remained at all times on the State to show that she could.

My review of the record reveals scant evidence on behalf of the State regarding Mother's ability to pay. For example, the State put on no proof regarding Mother's income or expenses during the relevant time period. Our Supreme Court recently opined on the significance of evidence concerning a parent's income and expenses when the ground of abandonment by willful failure to support is alleged. *See In re Adoption of Angela E.*, 402 S.W.3d 636, 641 (Tenn. 2013); *see also In re Destiny H.*, No. W2015-00649-COA-R3-PT, 2016 WL 722143, at *9 (Tenn. Ct. App. Feb. 24, 2016) (concluding that clear and convincing evidence was not shown to bolster the argument that mother had the capacity to provide support when petitioners "did not submit . . . evidence regarding [m]other's employment, income, other non-monetary assets, or expenses during the four-month period"); *In re Noah B.B.*, No. E2014-01676-COA-R3-PT, 2015 WL 1186018, at *9 (Tenn. Ct. App. Mar. 12, 2015) (concluding that clear and convincing evidence was not shown when petitioners did not "submit sufficient evidence of [m]other's employment status . . ., the number of hours she worked, the duration of her employment, her rate of pay, or whether [m]other had assets other than regular income that might contribute to the support of the child," and no evidence was presented as to "[m]other's financial means, expenses, or obligations"). Mother cannot be faulted for the lack of proof on this issue, as it was not her burden to present evidence as to her ability to pay support. Instead, in the absence of some evidence regarding Mother's income and her expenses during the relevant time period, I simply cannot conclude that the State met its burden to show that Mother had the ability to pay support during the four-month period.

Indeed, the evidence in the record actually tends to suggest otherwise. First, the majority Opinion notes that Mother testified that she had multiple financial obligations, including criminal fines. In fact, Mother testified that she was unable to pay these fees because her other expenses did not allow her to comply with the orders of the criminal court and she was incarcerated as a result. In addition, Mother testified that she was evicted from her home because she could not meet her financial obligations. This evidence demonstrates that despite Mother's employment, she was not able to meet all of her financial obligations. Without some evidence presented by the State showing Mother's actual income or expenses to refute these statements, I must depart from my learned colleagues as to this ground. I would therefore hold that the State failed to meet its burden to show that Mother had the ability to pay support in the relevant four-month period. In all other respects, I join in the majority Opinion.

_____
J.STEVEN STAFFORD, JUDGE